UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

                                                      **NOTICE OF MOTIONS**

-against-

S1 07 Crim. 609 (JR)

MENTOR DAIJA,

             Defendant.
------------------------------------------------------------------X

To:    A.U.S.A. Benjamin Gruenstein
        United States Attorney's Office
        One Saint Andrew's Plaza
        New York, New York 10007

Counsel:

    PLEASE TAKE NOTICE THAT at a date and time to be determined by the Court, the defendant, Mentor Daija, will move this Court for an Order: 1) dismissing count four of the superceding indictment; 2) requiring the government to provide a bill of particulars: 3) requiring the government to provide discovery and 4) requiring the government to provide notice of any evidence it will seek to introduce at trial under Rule 404 (b) of the Federal Rules of Criminal Procedure.

    PLEASE TAKE FURTHER NOTICE that counsel will rely upon the attached declaration and memorandum of law in support of this motion.

                                                Alexei Schacht, Esq.
                                                Nalven & Schacht
                                                350 Fifth Avenue
                                                Suite 1422
                                                New York, New York 10118
                                                (212) 616-5540

11th day of October, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA

                                                                        **DECLARATION**

            -against-

                                                                          S1 07 Crim. 609 (JR)

MENTOR DAIJA,

                    Defendant.
------------------------------------------------------------------X

        Alexei Schacht, Esq., hereby declares under the penalties of perjury:

1.     I am the attorney of record for the defendant, Mentor Daija, in the above-referenced case. I base this affirmation primarily upon a review of the contents of my office file for this case, and conversations with the defendant and the prosecutor.

2.     I make this declaration in support of defendant's motions for an Order: 1) dismissing count four of the superceding indictment charging the defendant with intentional murder; 2) requiring the government to provide a bill of particulars: 3) requiring the government to provide discovery and 4) requiring the government to provide notice of any evidence they will seek to introduce at trial under Rule 404 (b) of the Federal Rules of Criminal Procedure.

                                **COUNT FOUR MUST BE DISMISSED**

3.     On May 4, 2007, two men illegally entered the defendant's apartment building and tried to rob the defendant as he left his apartment. There is no dispute about these facts. Indeed, count four of the superceding

indictment now charges the defendant with having intentionally murdered "a person who had attempted to steal marihuana from" the defendant. The indictment simply failed to mention that the deceased's actions, in addition to be an attempted theft, also constituted a burglary.

4. In short, count four must be dismissed because it describes a legal impossibility; namely, one cannot commit murder by shooting and killing a burglar during the course of the burglary. Under New York law a person may use deadly physical force against a person who is committing a burglary or attempted burglary if necessary to terminate the commission of the offense. This is the case regardless of whether the burglar is himself armed. **See** New York Penal Law § 35.20(3).

5. In this case, there is no doubt that the defendant had a right to be in his apartment building. There is similarly no doubt that the deceased entered or remained in the building without permission for the purpose of committing any crime. This is the definition in New York of a burglary. **See** Penal Law § 140.20. Therefore, while the indictment uses the word "steal", the deceased also committed a burglary.

6. The only direct evidence that the defendant shot and killed the man comes from the defendant's own statement wherein he tells the F.B.I. that he shot the man in self-defense. Plainly, then, count four of the indictment is defective, since the charged conduct is not illegal since the undisputed facts are that the defendant shot and killed a man during the course of the burglary. Therefore, count four of the indictment must be dismissed.

8. I mentioned this point to the government prior to the filing of the superceding indictment yet they convinced a grand jury to indict him nonetheless. I can only assume that this is because the government failed to instruct the grand jury that in New York State a person is allowed to shoot and kill an unarmed burglar during the course of a burglary.

## BILL OF PARTICULARS

9. Should the Court not dismiss count four, we ask that the Court require the government to provide us with a bill of particulars regarding count four of the indictment. The reason for this request is that in some conversations with the prosecutor he has told me that the government's theory is that the defendant committed intentional murder, a crime described in the indictment, and in other conversations he has mentioned that the defendant is guilty under a theory of "felony murder." We ask the Court to order the government to particularize the precise nature of the charge. This will help us to prepare for trial and will prevent the government from changing its theory of prosecution during the trial.

## MOTION FOR DISCOVERY

8. We also ask that the Court require the government to provide the defendant with a summary of the expert testimony that it intends to introduce at trial, and all bases for that testimony, as required by F.R.C.P. § 16 (a)(1)(G).

## MOTION FOR NOTICE OF INTENT TO
## INTRODUCE EVIDENCE UNDER F.R.E. § 404 (b)

9. The defendant asks the Court to order the government to provide us with notice of any evidence it may seek to introduce at trial under Rule 404(b) of the Federal Rules of Evidence. We need this information so that we may make a timely challenge to its admission, should that be appropriate.

## CONCLUSION

10. In sum, and for all of the foregoing reasons, we ask that the Court order suppression of all post-arrest statements made by the defendant to police and government agents and all evidence obtained as a result of those statements.

S/ Alexei Schacht

_____
Alexei Schacht, Esq.
Nalven & Schacht
350 Fifth Avenue
Suite 1422
New York, New York 10118
(212) 616-5540

11th day of October, 2007

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA

                -against-
                                                          S1 07 Crim. 609 (JR)
MENTOR DAIJA,

                Defendant.
------------------------------------------------------------------X
```

## **MEMORANDUM OF LAW**

**Introduction**

      This Memorandum of Law is submitted in support of the defendant's motion for an Order: 1) dismissing count four of the superceding indictment; 2) requiring the government to provide a bill of particulars; and 3) requiring the government to provide notice of any evidence they will seek to introduce at trial under Rule 404 (b) of the Federal Rules of Criminal Procedure.

**Count Four of the Indictment Should be Dismissed**

      We have now moved for dismissal of count four of the indictment because the government has successfully asked the grand jury to indict him for a crime that he did not commit.

      More importantly, for the purpose of this motion, even if all factual allegations concerning count four are true, no crime is even alleged. This is because what he is alleged to have done, shooting a burglar in his apartment building in order to stop a burglary, is legal in New York State. The Court's resources should not be wasted by trying this defendant for a crime when he is innocent of the charge on its face. **See Davis v. United States**, 411 U.S. 233, 241 (1973)(pointing out a defect in an indictment before

trial allows it to be cured or dismissed before judicial and other resources are wasted).

Another basis for dismissing the indictment is that the government failed to provide proper legal instructions to the grand jury hearing evidence in the case. While the law presumes "regularity" in grand jury proceedings we have made a sufficient showing that the defendant's rights must have been violated by the government's failure to introduce sufficient evidence and/or to properly instruct the grand jury as the applicable law. **See Hamling v. United States**, 418 U.S. 87 (1974).

In short, since the acts allegedly committed by the defendant do not constitute the crime charged in count four of the indictment. Indeed, under applicable law they constitute no crime at all.

**The Government should Provide a Bill of Particulars Regarding Count Four**

Rule 7, which addresses bills of particulars, should be liberally construed to enable the accused to meet the charges presented against him. **United States v. O'Connor**, 273, F.2d 358 (2d Cir. 1959). Should the Court not dismiss count four we ask that the government be ordered to provide the defendant with a bill of particulars. The information sought here is not evidentiary in nature and is solely within the possession of the government. Indeed, we simply ask the Court to Order the government to tell us whether they are prosecuting the defendant under a State law, or some other, "felony murder" theory (and if so, what is that theory) or under an intentional murder theory, under 18 U.S.C. § 1111. The defendant's request is not unreasonable and is necessary to both the preparation of the defense and to prevent the government from shifting theories of prosecution during the trial.

**The Government should be Ordered to Provide the Defendant with notice of its intent to introduce evidence under Rule 404(b) of the Federal Rules of Evidence**

Rule 404(b) requires the government to provide "reasonable notice" in advance of trial if it intends to introduce evidence of other crimes, wrongs or bad acts of the defendant. To date, we have received no such notice. We ask that the Court require the government to provide such notice now to avoid delay later should we deem it necessary to oppose the introduction of such evidence. **See generally United States v. Baum**, 482 F.2d 1325, 1332 (2d Cir.1973). Should the government not provide such notice, we ask that the government be precluded from introducing such evidence at trial.

**Conclusion**

Therefore, for all of the foregoing reasons, the Court should issue an Order: 1) dismissing count four of the superceding indictment; 2) requiring the government to provide a bill of particulars: and 3) requiring the government to provide notice of any evidence they will seek to introduce at trial under Rule 404 (b) of the Federal Rules of Criminal Procedure.

S/ Alexei Schacht

_____
Alexei Schacht
Nalven & Schacht
350 Fifth Avenue
Suite 1422
New York, New York 10118
(212) 616-5540

11th day of October, 2007

```
------------------------------------------------------------------X
UNITED STATES OF AMERICA
                                                    CERTIFICATE OF SERVICE
             -against-
                                                    S1 07 Crim. 609 (JR)
MENTOR DAIJA,

                  Defendant.
------------------------------------------------------------------X
```

      My name is Alexei Schacht; I am over 18 years of age and am not a party to this action.

      On this 9th day of October, 2007, I personally served on the below-listed attorney the attached motion by ECF:

A.U.S.A. Benjamin Gruenstein
United States Attorney's Office
One Saint Andrew's Plaza
New York, New York 10007

                                                                S/ Alexei Schacht

                                                                _____
                                                                Alexei Schacht

October 11, 2007